**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, et al., | Case No. 1:21-CV-00783-JLT-CDB |
| Plaintiffs, | ORDER REQUESTING JOINT STATUS REPORT REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| WM. BOLTHOUSE FARMS, INC., | (Doc. 36) |
| Defendant. | |

      WM. Bolthouse Farms, Inc. is a farming, food and beverage company that held insurance policies from each of the Plaintiffs. (Doc. 36 at 12.) Bolthouse submitted insurance claims to Plaintiffs following losses due to the COVID-19 pandemic and government-ordered closures. (Doc. 7 at 22 ¶ 48.) Plaintiffs initiated this action for declaratory judgment seeking a declaration that no insurance coverage exists under their policies. (Doc. 7 at 2 ¶ 1.) With its answer to the complaint, Bolthouse filed a cross-complaint containing affirmative defenses of unclean hands, waiver, estoppel, laches, failure to state a claim, breach of contract, and bad faith. (Doc. 13 at 17-19.) On September 10, 2021, Plaintiffs filed a motion for judgment on the pleadings asking the Court to find that none of the insurance policies cover Bolthouse's claimed losses and its cross-complaint fails to state a claim upon which relief can be granted. (Doc. 36.)

      The parties have fully briefed the motion (including an opposed sur-reply) (Docs. 39, 43,

44, 45) and have also filed various supplemental authorities as the California courts of appeal and the Ninth Circuit decided cases with substantially similar insurance claims. (Docs. 47, 56, 62.) Although the parties' arguments raise several nuanced and complex disputes over contract term interpretation, the outcome of the case seemingly depends, in large part, on whether the presence of the COVID-19 virus in Bolthouse's properties may constitute a "direct physical loss or damage." The primary provisions that provide coverage under the Zurich Edge Form, common to all policies, require losses attributable to a "direct physical loss of or damage" to Bolthouse's property. (Doc. 13-1 at 30 (Time Element Provision § 4.01.01); *id.* at 39 (Decontamination Costs § 5.02.07).) The exclusion for costs due to "Contamination" also makes an exception and covers costs resulting from "direct physical loss or damage." (*Id.* at 26.) Plaintiffs contend that the presence of the COVID-19 is not a "physical loss of or damage" to property. (Doc. 36 at 18-25.) In contrast, Bolthouse alleges that the presence of COVID-19 causes droplets to attach to surfaces, remain in the airspace, and requires installation of physical barriers and various other mitigation efforts to prevent the virus's spread. (Doc. 39 at 16-17.) Bolthouse argues these allegations suffice to show direct physical loss or damage to their properties. (*Id.* at 18-25.)

        California courts of appeal are split on this issue. In *United Talent Agency v. Vigilant Insurance Co.*, Division 4 of the Second District held that the presence of COVID-19 in an insured's property—including employees testing positive and allegations that COVID-19 droplets "land on and adhere to surfaces and objects"—does not constitute direct physical loss or damage. 77 Cal. App. 5th 821, 826-40 (2022); *see also Inns-by-the-Sea v. Cal. Mut. Ins. Co.*, 71 Cal. App. 5th 688, 705 (2021) (Division 1 of Fourth District holding the presence of COVID-19 is not direct physical damage to the property). On the other hand, Division 7 of the Second District reached the opposite conclusion. *See Marina Pac. Hotel & Suites, LLC v. Fireman's Fund Ins. Co.*, 81 Cal. App. 5th 96, 106-12 (2022). The *Marina* court acknowledged that *United Talent Agency* was "[n]ot distinguishable" but maintained that the court had improperly disregarded the insured's allegations. *Id.* at 111-12. On December 28, 2022, the Ninth Circuit issued an order certifying the following question to the California Supreme Court to resolve this split: "Can the actual or potential presence of the COVID-19 virus on an insured's premises constitute 'direct physical

loss or damage to property' for purposes of coverage under a commercial property insurance policy?" *Another Planet Entm't, LLC v. Vigilant Ins., Co.*, 2022 WL 17972557 (9th Cir. Dec. 28, 2022).

Because the Ninth Circuit has certified this question to the California Supreme Court, the Court **ORDERS** the parties to submit a joint status report within **30 days** of this order explaining whether Plaintiffs' motion for judgment on the pleadings (Doc. 36) should be stayed pending a resolution from the California Supreme Court.

IT IS SO ORDERED.

Dated:   **January 11, 2023**

UNITED STATES DISTRICT JUDGE