1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  ZURICH AMERICAN INSURANCE
12  COMPANY, et al.,

13                              Plaintiffs,

14  v.

15  WM. BOLTHOUSE FARMS, INC.,

16                              Defendant.

17

Case No. 1:21-CV-00783-JLT-CDB

ORDER STAYING ALL PROCEEDINGS

(Doc. 65)

18         WM. Bolthouse Farms, Inc. is a farming, food and beverage company that held insurance

19  policies from each of the Plaintiffs. (Doc. 36 at 12.) Bolthouse submitted insurance claims to

20  Plaintiffs following losses due to the COVID-19 pandemic and government-ordered closures.

21  (Doc. 7 at 22 ¶ 48.) Plaintiffs initiated this action for declaratory judgment seeking a declaration

22  that no insurance coverage exists under their policies. (Doc. 7 at 2 ¶ 1.) With its answer to the

23  complaint, Bolthouse filed a cross-complaint containing affirmative defenses of unclean hands,

24  waiver, estoppel, laches, failure to state a claim, breach of contract, and bad faith. (Doc. 13 at 17-

25  19.) On September 10, 2021, Plaintiffs filed a motion for judgment on the pleadings asking the

26  Court to find that none of the insurance policies cover Bolthouse's claimed losses and its cross-

27  complaint fails to state a claim upon which relief can be granted. (Doc. 36.)

28         On January 11, 2023, the Court issued an order requesting a joint status report from the

1

1   parties in consideration of the Ninth Circuit's certified question to the California Supreme Court:

2   "Can the actual or potential presence of the COVID-19 virus on an insured's premises constitute

3   'direct physical loss or damage to property' for purposes of coverage under a commercial

4   property insurance policy?" (Doc. 63); *Another Planet Entm't, LLC v. Vigilant Ins.*, Co., 56 F.4th

5   730, 734 (9th Cir. 2022). As explained in the Court's prior order, many of the provisions at issue

6   in Bolthouse's insurance policies contain the same "direct physical loss or damage to property"

7   requirement, and its claims similarly rest on the theory that the physical presence of COVID-19

8   caused business income losses. (*See* Doc. 63 at 2.)

9         In the joint status report, Bolthouse urges the Court to stay the matter pending a decision

10   from the California Supreme Court on the Ninth Circuit's certified question in *Another Planet*

11   because the Court cannot resolve the entirety of the motion without answering the certified

12   question. (Doc. 65 at 5.) Conversely, Plaintiffs argue the Court need not reach the question of

13   whether COVID-19 may constitute a direct physical loss or damage because the Contamination

14   Exclusion unambiguously applies. (*Id.* at 2-4.) The Contamination Exclusion, however, does not

15   apply when the contamination "results from direct physical loss or damage not excluded by this

16   Policy." (Doc. 13-1 at 26.) Plaintiffs contend this exception to the exclusion is irrelevant because

17   Bolthouse does not assert "that the viral contamination of its property **resulted from** direct

18   physical loss or damage," but rather alleges the "viral contamination of its property **caused** (or

19   constituted) direct physical loss or damage." (Doc. 65 at 3-4 (emphasis in original).) Plaintiffs

20   rely on a Sixth Circuit decision arising from an insurance policy with a nearly identical

21   contamination exclusion. *Dana Inc. v. Zurich Am. Ins. Co.*, 2022 WL 2452381, at *1, 3 (6th Cir.

22   July 6, 2022). The Sixth Circuit concluded that because the plaintiff's claims were "exclusively

23   based on damage and loss related to COVID-19, not other physical damage," the exception to the

24   exclusion could not apply. *Id.* at 3.

25         Although the Sixth Circuit's decision provides relevant insight into a possible

26   interpretation of Bolthouse's policy and claims, it is not binding on this Court. Moreover,

27   Bolthouse's policy contains a Decontamination Provision not discussed in the *Dana* opinion.

28   (Doc. 13-1 at 39.) The Decontamination Provision provides coverage for costs if the property is

"Contaminated from direct physical loss of or damage by a Covered Cause of Loss to the Covered Property" and a law or ordinance regulates that contamination causing increased costs. (*Id.*) On the one hand and reading the policy as a whole, the reference to the "Covered Cause of Loss" suggests that if the cause for contamination is excluded under the policy, i.e., a virus under the Contamination Exclusion, decontamination costs would not be covered. On the other hand, if the presence of COVID-19 in the facilities constitutes a direct physical loss or damage such that it may qualify as a "Covered Cause of Loss" and excepted under the Contamination Exclusion, the Decontamination Provision *may* arguably provide coverage.

At the very least, California law requires exclusions to coverage to be sufficiently conspicuous, plain, and clear to be enforceable. *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 639 (2003), as modified on denial of reh'g (Sept. 17, 2003) (quoting *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 271 (1966)); *see also Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 322 (2010) ("[I]n cases of ambiguity, basic coverage provisions are construed broadly in favor of affording protection, but clauses setting forth specific exclusions from coverage are interpreted narrowly against the insurer."). The cross-referencing in the provisions and somewhat contradictory nature of the explicit coverage for *decontamination* costs but exclusion for costs associated with *contamination* poses at least some concern about the clarity of these provisions.

If the California Supreme Court accepts the certified question in *Another Planet*, it will likely provide relevant guidance for whether COVID-19 may constitute direct physical loss or damage impacting whether Bolthouse's has a claim of business income loss, regardless of the interpretation of the policies' exclusions. The California Supreme Court may also give additional guidance for interpreting seemingly contradictory provisions relating to the coverage and exclusion of virus-related costs. *See French Laundry Partners, LP v. Hartford Fire Ins. Co.*, 2023 WL 1772152 (9th Cir. Feb. 6, 2023) (certifying question to California Supreme Court to determine whether the "Virus Exclusion" provision renders illusory the coverage provision for "Fungus, Wet Rot, Dry Rot, Bacteria and Virus – Limited Coverage"). Although Plaintiffs argue the certified question in *French Laundry* is irrelevant because it contains different policy language (Doc. 65 at 4), an opinion from the California Supreme Court may provide relevant

guidance regarding the necessary clarity of exclusion provisions in the context of COVID-19 business losses under California law.

In the interest of conserving judicial resources and to ensure comity and consistency of judgments, the Court finds a stay of this action is appropriate pending the outcome of the Ninth Circuit's certified question to the California Supreme Court. Recognizing the Court may issue a stay on their motion for judgment on the pleadings, Plaintiffs requested a stay of discovery, which Bolthouse did not oppose. (Doc. 65 at 4.) Accordingly, all proceedings in this action, including all discovery, is **STAYED** until the California Supreme Court decides whether to accept the certified question in *Another Planet* and, if it accepts, until an opinion issues. Within **30 days** of the California Supreme Court's decision or, if it accepts the certified question, subsequent opinion, the parties **SHALL** file a status report with the Court detailing their positions on the pending motion for judgment on the pleadings (Doc. 36), taking into consideration the California Supreme Court's decision. If necessary, the Court may order additional briefing at that time.

IT IS SO ORDERED.

Dated:   **February 15, 2023**



UNITED STATES DISTRICT JUDGE

4